**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO ROSAS-MOYA; MARIA GUADALUPE ROSAS, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 06-70677 <br><br> Agency Nos. A95-450-195 <br> A95-450-196 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2010[**]

Before:  D.W. NELSON and GOULD, Circuit Judges, and GWIN,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

Antonio Rosas Moya and Maria Guadelupe Rosas, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' denial of their second motion to reopen removal proceedings on the grounds that the motion was untimely, numerically barred, and beyond the voluntary departure period. We have jurisdiction under 8 U.S.C. § 1252, and we deny in part and dismiss in part the petition for review.

The petitioners have waived any challenge to the Board's January 12, 2006 denial of their second motion to reopen because they failed to address that decision in their opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

Moreover, even if the petitioners had not forfeited their challenge, the Board's order was not an abuse of discretion. *See Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000). First, the Board correctly concluded that the petitioners' second motion to reopen—filed more than two years after the Board affirmed the immigration judge's denial of their application for cancellation—was untimely. *See* 8 C.F.R. § 1003.2(c)(2). Equitable tolling of 8 C.F.R. § 1003.2(c)(2)'s 90-day time limit was unavailable because the petitioners should have known of the basis of their second motion (*i.e.*, their son's medical condition and their lawyer's allegedly ineffective assistance before the immigration judge) no

2

later than August 3, 2004, when the Board affirmed the immigration judge's removal order. Second, the Board correctly concluded that the petitioners' second motion to reopen was numerically barred. *See id*. Third, the Board correctly concluded that because the petitioners remained in the United States beyond the voluntary departure period—which, per the immigration judge's removal order, expired on September 2, 2004—they were ineligible for cancellation of removal. *See* 8 U.S.C. § 1229c(d)(1)(B).

The petitioners challenge the Board's August 3, 2004 determination that they failed to satisfy the "exceptional and extremely unusual hardship" requirement for cancellation of removal, but this Court lacks jurisdiction to review that determination. As a threshold matter, the petitioners failed to file a timely petition for review of that order. *See* 8 U.S.C. § 1252(b)(1). Moreover, even if they had filed a timely petition for review, this Court would lack jurisdiction to review the Board's discretionary "exceptional and extremely unusual hardship" determination. *See id.* § 1252(a)(2)(B)(i); *see also Romero-Torres v. Ashcroft*, 327 F.3d 887, 890-92 (9th Cir. 2003).

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**